UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN AMMANN,<br><br>　　　　Plaintiff,<br><br>— against —<br><br>SHARESTATES, INC., and ALLEN SHAYANFEKR,<br>　　　　Defendants. | Case No.  2:21-cv-02766 (JS) (SLT) |
| SHARESTATES, INC.,<br><br>　　　Counterclaim Plaintiff,<br><br>— against —<br><br>STEVEN AMMAN,<br><br>　　　Counterclaim Defendant. | |

**<u>DEFENDANTS SHARESTATES, INC. AND ALLEN SHAYANFEKR'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES</u>**

**TABLE OF CONTENTS**

Page

I. NO AWARD AGAINST SHAYANFEKR IS APPROPRIATE..........................................1

II. THE APPLICATION FOR PARKER POHL FEES IS NOT ADEQUATE........................1

    A. The Parker Pohl Timesheets Consist of Pervasive Vague Entries and Block Billing ...................................................................................................................................1

    B. Several Parker Pohl Tasks Were Performed By An Overqualified Attorney.. ............3

    C. Significant Parker Pohl Fees Are Excessive or Unnecessary.......................................4

III. THE WIT DECLARATION LACKS CRITICAL ELEMENTS .......................................4

IV. AN ACROSS-THE-BOARD REDUCTION IN REQUESTED FEES IS APPROPRIATE ..................................................................................................................................................5

CONCLUSION..................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcon Vision, LLC v. Lens.com, Inc.*,
    No. 18-CV-407 (NG) (SJB), 2023 WL 8072507 (E.D.N.Y. Nov. 21, 2023) ............................1

*Anderson v. Cnty. of Suffolk*,
    No. CV 09-1913 (GRB), 2016 WL 1444594 (E.D.N.Y. Apr. 11, 2016) ..................................3

*Cabrera v. Schafer*,
    No. 12-CV-126323(ADS)(AKT), 2017 WL 9512409 (E.D.N.Y. Feb. 17,
    2017) ..............................................................................................................................3, 6

*DeVito v. Hempstead China Shop, Inc.*,
    831 F. Supp. 1037 (E.D.N.Y. 1993) .......................................................................................6

*Gagasoules v. MBF Leasing LLC*,
    296 F.R.D. 107 (E.D.N.Y. 2013) ............................................................................................6

*Rates Tech., Inc. v. Mediatrix Telecom, Inc.*,
    No. 05-CV-2755 (JS) (AKT), 2011 WL 1322520 (E.D.N.Y. Mar. 31, 2011) ....................3, 4

*Stair v. Calhoun*,
    722 F. Supp. 2d 258 (E.D.N.Y. 2010) ....................................................................................3

*Top Jet Enters., Ltd. v. Kulowiec*,
    2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022) .........................................................................6

*Williamsburg Climbing Gym Co. v. Ronit Realty LLC*,
    2023 WL 1072952 (E.D.N.Y. Jan. 9, 2023) ............................................................................6

**Other Authorities**

Rule 11 ................................................................................................................................. *passim*

Defendants Sharestates, Inc. ("Sharestates") and Allen Shayanfekr ("Shayanfekr") respectfully submit this memorandum of law in opposition to Plaintiff's Fee Application, which Plaintiff submitted in connection with its prior Rule 11 Motion.

## I. NO AWARD AGAINST SHAYANFEKR IS APPROPRIATE

As an initial matter, no award against Shayanfekr is appropriate. The Rule 11 Motion was premised on a counterclaim asserted by Sharestates, not Shayanfekr. There is no allegation that Shayanfekr is Sharestates' sole owner (and he is not), or that Shayanfekr exercises complete control over Sharestates (and he does not). There is no justification for attributing Sharestates' counterclaim to Shayanfekr and, accordingly, there is no justification for an award against Shayanfekr.

## II. THE APPLICATION FOR PARKER POHL FEES IS NOT ADEQUATE

The application for fees incurred by Plaintiff's prior counsel, Parker Pohl LLP ("Parker Pohl") suffers from several material defects, rendering the application for those fees largely inappropriate.

### A. The Parker Pohl Timesheets Consist of Pervasive Vague Entries and Block Billing

A fee application is inappropriate where time entries consist of vague statements lacking detail or particularity. Such entries do not allow the Court to assess the nature of the work performed. "Entries such as those that refer vaguely to legal research regarding the 'motion,' working on memo of law in opposition to defendants' motions to dismiss, drafting [and] legal research on motion for summary judgment, are too vague to meaningfully review." *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407 (NG) (SJB), 2023 WL 8072507, at *4 (E.D.N.Y. Nov. 21, 2023) (citing multiple cases) (internal quotations, citations and brackets omitted).

Those types of entries "do not allow a court to assess what legal issues, in particular, the attorneys were researching, or which sections of a legal brief they were drafting, and whether the time spent was excessive or duplicative." *Id*. (denying fee application where "many of the claimed hours are for vaguely described tasks like 'researching and preparing the briefs in support of the motions to dismiss the first and second amended counterclaims,' 'researching and briefing the opposition and motion to vacate the Conditional Transfer Order,' and 'researching and briefing the motion for sanctions.'") (internal quotations and citation omitted).

The Parker Pohl timesheets are replete with just those types of descriptions. For example:

- July 1, 2021 (Tannenbaum): Research defenses to counterclaim;
- July 2, 2021 (Tannenbaum): Research defenses to counterclaim;
- July 6, 2021 (Tannenbaum): Research defenses to counterclaim, and discuss with DP;
- July 7, 2021 (Tannenbaum): Follow up research re counterclaim;
- June 12, 2023 (Pohl): Draft, edit Rule 11 letter [], call with SA [redacted-privileged];
- June 13, 2023 (Pohl): Draft, edit Rule 21 [*sic*] letter;
- July 25, 2023 (Pohl): Research, draft Rule 11 Motion for Sanctions [];
- August 9, 2023 (Pohl): Draft Rule 11 Motion;
- August 10, 2023 (Pohl): Draft Rule 11 Motion;
- August 11, 2023 (Pohl): Draft, research Memo of Law in support of Rule 11 Motion;
- August 15, 2023 (Pohl): Draft Rule 11 memo, [redacted-privileged];
- August 16, 2023 (Pohl): Draft, edit Rule 11 motion;
- August 17, 2023 (Pohl): In drafting Rule 11 Motion, [redacted-privileged] counterclaim and email SA same, [] edit, revise Rule 11 Motion, [redacted-privileged];
- August 23, 2023 (Tannenbaum): Research points for Rule 11 brief ;
- August 24, 2023 (Pohl): Edit, revise Rule 11 motion;
- October 8, 2023 (Pohl): Draft Rule 11 Reply brief ; and
- October 9, 2023 (Pohl): Draft, edit, revise, finalize and file Reply in Further Support of Rule 11 Motion;

2

Those examples alone total over $25,000. The accompanying descriptions closely match the types of description held in *Alcon Vision*, and the cases cited therein, as inappropriate. The examples also show Parker Pohl's pervasive use of block billing, in which significant amounts of time are described only with one, general description, which is additionally inappropriate. *See, e.g., Anderson v. Cnty. of Suffolk*, No. CV 09-1913 (GRB), 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and reducing recoverable fees); *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. 05-CV-2755 (JS) (AKT), 2011 WL 1322520, at *5 (E.D.N.Y. Mar. 31, 2011) ("[C]ourts have found it appropriate to cut hours across the board by some percentage" when dealing with vague time entries); *Stair v. Calhoun,* 722 F. Supp. 2d 258, 271 (E.D.N.Y. 2010) (percentage deduction appropriate to remedy block billing).

In sum, time entries for a significant portion of the requested fees are of a type routinely rejected as insufficient to allow the Court to assess the nature of the work performed, and therefore granting those fees is inappropriate.

B.   **Several Parker Pohl Tasks Were Performed By An Overqualified Attorney**

Fees are also inappropriate where an overqualified timekeeper performs work that could have been performed by someone at a lower rate. "[W]here counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, uniform percentage cutbacks are warranted." *Cabrera v. Schafer*, No. 12-CV-126323(ADS)(AKT), 2017 WL 9512409, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017) (internal quotations and citation omitted).

The Parker Pohl timesheets show the following tasks performed by Attorney Pohl:

- June 14, 2023: Revise, edit Rule 11 letter, assemble exhibits, and serve;

3

- August 27, 2023:  Draft revise, proof read and cite check Rule 11 Memo of Law, cross reference, arrange exhibits;

- August 28, 2023:  Final proofread of Rule 11 motion, organize and prep all papers for filing, including tables;

- October 13, 2023:  Assemble courtesy copies of Rule 11 Motion [reply] and FedEx to chambers, with cover letter.

These tasks are appropriately performed by a paralegal or, at most, an associate attorney. The Pohl Affidavit presents no justification for Attorney Pohl performing these tasks, for which Plaintiff seeks $5,170 in legal fees.  Such fees are inappropriate to award for that reason.

C.  **Significant Parker Pohl Fees Are Excessive or Unnecessary**

It is well-settled that fee applications should not be granted for work that is "excessive, redundant, or otherwise unnecessary." *Rates Tech.,* 2011 WL 1322520, at *4 (quoting *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983)).

Here, Plaintiff seeks $13,420 for Parker Pohl's drafting and filing the Rule 11 Motion.  This does not include $9,043.33 of pre-Motion research and does not include amounts stated for the preceding Rule 11 letter.  The fees for the Rule 11 Motion and pre-Motion letter together represent 42 hours of legal work, separate from time spent on reply papers.  That amount of time for this Rule 11 Motion is patently excessive.

III.  **THE WIT DECLARATION LACKS CRITICAL ELEMENTS**

Plaintiff requests $3,874.50 in fees incurred by the Wit Law Firm.  The Wit Declaration lacks information to substantiate Attorney Wit's hourly rate.  It does not state how many years Attorney Wit has practiced law, and states only that he graduated law school in 2020.  It contains no information to substantiate whether Attorney Wit's hourly rate is reasonable or typical for an attorney of his experience in Tampa, Florida, where he practices.

4

Wit billed 12.3 hours in connection with the Fee Application. The supporting memorandum of law, signed by Attorney Witt, is 11 pages long. Three of those pages consist of summaries of the declarations submitted along with the memorandum. Three additional pages recite general law concerning Rule 11 motions. Over one page is devoted to summary conclusion remarks. On its face, over 12 hours of work on the fee application is excessive.

Plaintiff offers no reason that Attorney Wit, a Florida practitioner, was the appropriate attorney to draft and file the Fee Application. The Wit Declaration states that Attorney Wit spent over four hours on legal research, and the accompanying memorandum of law cites 26 cases from within the Second Circuit. Plaintiff has New York counsel, Matthew Weinick, who has been practicing law since at least 2009 (according to the New York State Unified Court System website). Plaintiff does not explain why Attorney Wit prepared the Fee Application instead of Attorney Weinick, a New York practitioner based in the Eastern District of New York, who presumably is more familiar with case law within this Circuit. Whatever the reason, it is Plaintiff's burden to explain why a less experienced Florida attorney was tasked with making the Fee Application.

### IV. AN ACROSS-THE-BOARD REDUCTION IN REQUESTED FEES IS APPROPRIATE

Because the Fee Application is defective in a number of ways, an across-the-board reduction in the requested Award is warranted. "In cases such as this, where numerous deficiencies (including vague entries, block billing, excessive billing, utilizing a partner to accomplish tasks that could have been adequately completed by an associate and not reducing the hourly rate for travel time) pervade the fee application, courts have declined to engage in a line-by-line analysis and instead have applied an across-the board-percentage reduction in the number of hours sought, with a comparable decrease in the overall fee." *Cabrera*, 2017 WL 9512409, at *14, *report and recommendation adopted*, 2017 WL 1162183.

Because the Parker Pohl timesheets do not allow this Court to assess the reasonableness and appropriateness of work performed by Parker Pohl, some of which is excessive and/or performed by an overqualified attorney, and because the Wit Declaration lacks justification for the time spent on the Fee Application and lacks justification for performance of that work by Attorney Wit, Sharestates respectfully asserts that a 60% across-the-board reduction in the requested Award is appropriate.  Given the figures cited above, a 60% reduction is a valid approximation of the total of objectionable time entries.  This percentage is consistent with reductions made by other courts under similar circumstances. *See e.g.*, *Williamsburg Climbing Gym Co. v. Ronit Realty LLC*, 2023 WL 1072952, at *6 (E.D.N.Y. Jan. 9, 2023) (holding that heavily redacted billing records which contain no description of work done justified 80% reduction to requested hours), *report and recommendation adopted*, 2023 WL 1070615 (E.D.N.Y. Jan. 27, 2023); *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 1184245, at *5–6 (S.D.N.Y. Apr. 21, 2022) (concluding that 75% reduction to requested hours was appropriate, including because of "how poorly" the fee application was supported); *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (40% reduction due to vague and unrelated entries); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

A 60% reduction is also in keeping with the primary purpose of Rule 11 sanctions, which is deterrence.  Sharestates has not engaged in a pattern of asserting frivolous claims or defenses in this case.  The conduct that the Court found inappropriate – the assertion of a counterclaim – is not conduct that could be repeated again in this case.  And, Sharestates did not oppose adoption of this Court's Report and Recommendation, expressly "for the purpose of avoiding the parties and the Court devoting continued time and resources to the subjects addressed in the R&R."  Docket Entry

6

113.  This choice evidences that Sharestates is not inclined to engage in frivolous conduct.  Under the circumstances, awarding the Fee Application in full would go far beyond serving the purpose of deterrence, and well into punishment.  Awarding 40% of the requested fees after trimming the application by 60% is more than adequate to serve deterrence in this specific instance.

Alternatively, should the Court decide not to apply an across-the-board reduction, Sharestates asks that the Court strike or significantly discount the objectionable time entries addressed above.

Dated: July 19, 2024
      New York, New York

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP

By: /s/ Michael M. Munoz
     Michael M. Munoz

711 Third Avenue, 17th Floor
New York, New York 10017
(212) 907-7300
mmunoz@golenbock.com
*Attorneys for Defendants Sharestates, Inc. and Allen Shayanfekr*