UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEVEN AMMANN,

                        Plaintiff,

          v.                                   **ORDER**
                                          21-CV-2766-SJB-ST

SHARESTATES, INC. and
ALLEN SHAYANFEKR,

                        Defendants.
----------------------------------------------------------------X
**BULSARA, United States District Judge:**

      Before the Court is pro se Plaintiff Ammann's ("Ammann") appeal of two Magistrate Judge orders related to scheduling of a hearing and granting extensions of time to Defendants to file responses to pending motions. (Pl.'s Obj. filed July 23, 2025 ("Pl.'s Obj."), Dkt. No. 183 at 1). Ammann also asks the Court to "expedite" a Rule 37 attorney's fees determination. (*Id.* at 3). For the reasons explained below, the appeal, which the Court interprets as objections, are entirely without merit, and are overruled. The orders of the Magistrate Judge are affirmed in their entirety and the request to expedite is denied. Ammann is warned that his filing of repeat motions relitigating the same issues over and over again may lead to sanctions; and in any event, such filings only delay ultimate case resolution. Though he is understandably frustrated with Defendants—who themselves have been sanctioned for their own misconduct— Ammann's conduct is, at this point, vexatious, and he is warned that further such conduct will result in a bar on filing privileges and may lead to dismissal of his case with prejudice.

PROCEDURAL HISTORY

After several years of litigation, Ammann filed a motion for Rule 37 sanctions for Defendants' Sharestates, Inc. and Allen Shayanfekr (collectively, "Defendants") alleged discovery abuses, which was fully briefed on April 29, 2024.  (Notice of Mot. for Sanctions filed Apr. 29, 2024 ("Rule 37 Mot."), Dkt. No. 116 at 1).  In June 2024, Ammann also filed a Rule 11 Motion.  (Mot. for Att'y Fees dated June 28, 2024 ("Rule 11 Mot."), Dkt. No. 127 at 11).  On February 23, 2025, District Judge Seybert directed the parties to request a hearing with Magistrate Judge Tiscione on the Rule 37 Motion, as well as six other then-pending sanctions requests made by Ammann.  (Order dated Feb. 23, 2025).  Magistrate Judge Tiscione held a hearing on March 21, 2025, granting the Rule 37 Motion from the bench, with an assessment of the exact amount of moneys owed to be determined.  (Minute Order dated Mar. 21, 2025, Dkt. No. 147).  A few days later, Judge Tiscione issued a written opinion granting in part Ammann's Rule 11 Motion.  (Mem. and Order dated Apr. 1, 2025 ("Rule 11 Order"), Dkt. No. 149 at 1).  Throughout this period until mid-July 2025, both parties filed dozens of letters, motions, requests, and other materials on the docket pertaining to the various sanctions motions and discovery disputes.

On July 9, 2025, Judge Tiscione issued an Order deferring ruling on various motions filed by Ammann and scheduling a hearing for July 28, 2025.  (Order dated July 9, 2025 ("First Order")).  The motions covered by the First Order include motions for relief from an automatic stay entered after Ammann filed an involuntary bankruptcy petition against Sharestates, (Mot. for Relief dated Apr. 10, 2025, Dkt. No.

157 at 1–2); to compel Defendants to pay sanctions that were previously ordered, (Mot. to Compel dated Apr. 14, 2025, Dkt. No. 160 at 1); for yet additional sanctions, (Mot. for Sanctions dated Apr. 15, 2025, Dkt. No. 162 at 1); requesting a case management conference, (Mot. for Case Management Conf. dated May 15, 2025, Dkt. No. 166 at 1); to compel additional discovery productions and further sanctions, (Mot. to Compel dated June 15, 2025, Dkt. No. 170 at 1); to disqualify Defendants' counsel, (Mot. to Disqualify dated June 16, 2025, Dkt. No. 171 at 1); and to compel disclosure (Mot. to Compel dated July 2, 2025, Dkt. No. 177 at 1).

Ammann then filed yet another motion, asking to appear virtually. (Mot. for Relief dated July 9, 2025, Dkt. No. 178 at 1). Judge Tiscione denied Ammann's request, and also granted Defendants additional time until July 18, 2025 to respond to two of the pending motions. (Order dated July 10, 2025 ("Second Order")). Judge Tiscione rescheduled the hearing for August 1, 2025. (*Id.*). Ammann filed the current appeal of the First Order and Second Order on July 23, 2025. (Pl.'s Obj.). Judge Tiscione then adjourned the August 1, 2025 hearing *sine die*, (Order dated July 31, 2025), following the undersigned's order directing Defendants to respond. (Order dated July 25, 2025). Defendants subsequently filed a response. (Defs.' Mem. in Opp'n dated Aug. 7, 2025 ("Defs.' Opp'n"), Dkt. No. 185 at 1).[1]

---

[1] During these proceedings, the parties were also briefing Ammann's pending Motion to Amend. (*See* Notice of Mot. for Leave to File Second Am. Compl. dated Aug. 20, 2025, Dkt. No. 188). The flurry of filings in this case is reminiscent of the same behavior in Ammann's other pending case, which was subject to an order from this Court reprimanding the parties for vexatious filings and prohibiting the parties from making further filings. (*See Ammann v. Sharestates Inc. et al.*, No. 24-CV-6586, Order dated June 16, 2025).

DISCUSSION

"As to a nondispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'"  *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (alterations in original) (quoting Fed. R. Civ. P. 72(a)); *e.g.*, *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) ("The district court properly reviewed the magistrate judge's order for clear error, since the decision . . . was nondispositive[.]" (citations omitted)).  "Matters concerning discovery generally are considered 'nondispositive' of the litigation."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); 12 Charles Alan Wright & Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

Judge Tiscione's orders requiring in-person presence at a hearing, and deferring ruling on and granting additional time to respond to motions, were nondispositive matters related to discovery disputes.  Ammann has provided no authority suggesting that these orders reflected clear error or were contrary to law.  And the Court finds no error, let alone clear error, in Judge Tiscione's decisions to defer ruling, bar virtual appearances, or grant Defendants additional time to respond to Ammann's many motions, nor does the Court find that such decisions were contrary to law.  *See, e.g.*, *Kamden-Ouaffo v. Balchem Corp.*, No. 17-CV-2810, 2020 WL 4040909, at *2 (S.D.N.Y. July 16, 2020) (overruling plaintiff's objection to magistrate judge's entry of a scheduling order); *Schwartz v. Metro. Prop. & Cas. Ins. Co.*, 393 F. Supp. 2d 179, 181 (E.D.N.Y. 2005)

4

(overruling plaintiffs' objection to magistrate judge's denial of their discovery extension request); *c.f. Lynch v. Dep't of Educ. of City of New York*, 769 F. Supp. 3d 227, 232–33 (E.D.N.Y. 2025) (denying motion for recusal based on magistrate judge's grant of an extension of time for defendants to answer, because such matters "are well within the authority vest[ed] [in] a United States Magistrate Judge").

Separately, Ammann provides no support for his request that the Court expedite the issuing of Judge Tiscione's Rule 37 Order.  Judge Tiscione held a hearing and issued a decision on the record in a timely manner.  Any delays in determining the fee amount owed under the pending written Rule 37 Order appear to have been a result Ammann's own excessive filings and pursuit of bankruptcy, which resulted in a temporary stay of the proceedings.  (*See* Suggestion of Bankr. dated Apr. 10, 2025, Dkt. No. 154 at 1; Notice of Bankr. Dismissal dated Apr. 30, 2025, Dkt. No. 163 at 1).

Ammann's objections are overruled.  Judge Tiscione's decisions are adopted in full.  And Ammann is warned that further duplicative and unnecessary filing may lead to sanctions outlined in the first paragraph of this opinion.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  September 16, 2025
        Central Islip, New York