*** Filed ***
08:46 AM, 23 Nov, 2026
U.S.D.C., Eastern District of New York

Allen Shayanfekr
16 Middle Neck Road, Unit 718
Great Neck, New York 11021
(516) 563-3431
allenshayanfekr88@gmail.com

November 23, 2026

RECEIVED
11/23/2026
PRO SE OFFICE

VIA ECF (Pro Se Electronic Filing)

Hon. Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: *Ammann v. Sharestates, Inc. and Allen Shayanfekr*, No. 2:21-cv-02766 (SJB)(ST) — Reply of Defendant Allen Shayanfekr in Further Support of the Requests in His Letter of November 19, 2026 (ECF No. 251)**

Dear Judge Bulsara:

I recognize that the Court has received several letters in this case this week, and I apologize for adding to them. I have kept this one short and limited to the issues that remain open after the Court's order of November 20, 2026 (ECF No. 250), which moots my request to defer the dismissal. I write in reply to Plaintiff's letter of November 20 ("Pl. Ltr."). To the extent the Order of September 9, 2025 requires the Court's permission for this letter, I respectfully request it.

**1. Sharestates' withdrawal halved the defense's briefing; Plaintiff's own position supports restoring it.**

When the parties proposed a schedule, Plaintiff told the Court that "Section VI.J.4 states these limits in the singular": 17,500 words for the defense's opposition and cross-motion and 3,500 words for its reply. He asked that those limits "be applied in the aggregate to Defendants' papers," because "Plaintiff seeks parity in total words." (ECF No. 227 at 4.) The Court's order of September 8, 2026 set limits consistent with that request, giving each of the two separately represented defendants 8,750 words and a 2,000-word reply, and Plaintiff 8,750 and 12,500 words. The withdrawal of Sharestates' papers on November 20 cut the defense to 10,750 words against Plaintiff's 21,250. That imbalance is a change in circumstances, not a request to exceed what the Court contemplated.

I therefore ask, first, for leave to adopt Sharestates' memorandum, Rule 56.1 statement and evidence (ECF Nos. 242 through 246) in opposition to Plaintiff's motion and in support of my cross-motion, including Sharestates' arguments on the commissions Plaintiff claimed under Count I, which determine both liability and damages on Counts II through V, and for a 3,500-word reply. Sharestates' memorandum and mine together total about 17,200 words, within the single-defense limit Plaintiff himself described. Adoption would not burden Plaintiff: until November 20 he was preparing to answer those exact papers by November 27. This also answers his concern about incorporation by reference (Pl. Ltr. at 2), because the combined papers stay within the limit he says applies. Good cause exists under Rule 16(b)(4). I met every deadline, and the papers I relied on

were withdrawn after my deadline as a result of a settlement I was not part of. With Count I dismissed, the commission amounts that were its subject are now contested only as an element of the wage claims against me, and the evidence on them is Sharestates'.

In the alternative, I ask for leave to file a supplemental memorandum of up to 8,750 words within 14 days of the Court's order, which may cite the record Sharestates filed, with Plaintiff to respond within 14 days with an equal word allowance (the terms he proposes, Pl. Ltr. at 2) and my reply of up to 3,500 words due seven days after his response, in place of my December 10 reply. As a further alternative, I ask that Plaintiff's consolidated opposition and reply be limited to 8,750 words, so that the parties are on the footing of parity that Plaintiff requested, with any short extension he needs to conform it.

**2. The settlement terms should be disclosed now, not after a judgment.**

Plaintiff does not say the settlement is irrelevant to my liability. He says a credit could arise "only if Mr. Shayanfekr is found liable and a judgment is to be entered against him," and offers the information "at the judgment stage." (Pl. Ltr. at 1–2.) The real disagreement is timing, and timing matters. Plaintiff may recover only once for the same injury. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989); *see also* N.Y. Gen. Oblig. Law § 15-108(a). Counts II through V seek the same commissions Plaintiff claimed from Sharestates. If what he received equals or exceeds the damages he can prove against me, nothing remains to be adjudicated, and that can be decided before trial. The terms of the release matter for the same reason: whether it extends to Sharestates' officers and directors, as such releases commonly do, bears directly on the claims against me. Plaintiff's own case asks for "some particularized showing" (Pl. Ltr. at 2 (quoting *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982))), and that showing is made here. I am not asking to reopen discovery; the settlement did not exist when discovery closed, and Plaintiff himself asked the Court to so-order the stipulation that implements it.

I respectfully ask that the Court direct Plaintiff, within seven days, to file under seal and serve on me the executed settlement agreement, with access limited to the Court and the parties, and I will keep it confidential. In the alternative, I ask that it be submitted for in camera review now rather than after judgment. If the Court prefers a formal motion, I ask that it set a short schedule.

**3. Records and the Rule 37 request.**

Sharestates' departure also leaves me without access to the company records on which Plaintiff's damages calculations rest, and I reserve the right to seek relief under Rule 56(d) if that becomes necessary. Plaintiff states that my opposition to his Rule 37 request was due with my cross-motion. It was, and I filed it. (ECF No. 240, Mem. Point VI.F, at 23.) I do not ask to brief it again; my note in ECF No. 251 was only that the request is directed at Sharestates' records.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Allen Shayanfekr
Allen Shayanfekr
Defendant, pro se

cc: Plaintiff Steven Ammann (by ECF and e-mail); Greg S. Zucker, Esq. and Michael Kwon, Esq., counsel for Sharestates, Inc. (by e-mail)